### THE EVANGELINE.

### DEEPWATER FISHING & EXPLORATION CORPORATION v. SAFRAN CORPORATION.

District Court, S. D. New York. September 25, 1929.

Purrington & McConnell, of New York City, for libelant.

Thomas A. McDonald, of New York City, for claimant.

CAFFEY, District Judge. Extensive briefs have been filed. I have considered these and have examined the decisions cited. This afternoon counsel for the moving party requested a decision to-day, because, as I understand, the case will be on the call calendar to-morrow. There is therefore not available sufficient time to enable me to set out my reasons at length. My comment must be somewhat summary.

The motion seeks security for $4,009.34, pursuant to Supreme Court Admiralty Rule 50 (28 USCA § 723), from cross-respondent; a stay of proceedings under the libel until the security is filed; and release of the steamer involved from attachment unless the security be given within ten days. The ship was arrested in the original suit, but has not been bonded. The moving papers assert that the ship constitutes substantially all of the tangible resources of the claimant (cross-libelant) and that it is unable to furnish bond sufficient to lift the attachment. At the argument it was agreed that the controversy turns exclusively on the interpretation of the rule mentioned. I should have considerable doubt as to how to construe the rule in its present form but for two decisions which I feel bound to follow.

█ The libelant (cross-respondent) is the assignee of the charter party on which both the original suit and the cross suit are grounded and has assumed all liabilities incurred thereunder by the assignor previous to the assignment. In one of the affidavits submitted by cross-libelant (owner of the ship) it was alleged, and it is not denied, that the libelant is without assets. At the argument some details were added orally in substantiation of that point. It is also charged by cross-libelant that the claims in the libel are greatly inflated, with knowledge of the financial distress of the owner, for the purpose of bringing about a sacrifice sale of the ship. In these circumstances it seems plain that, before the ship shall be compelled to continue longer in the custody of the marshal, security should be furnished by cross-respondent if the court has power to require it. Empresa Case (D. C.) 16 F. 502, 504.

█ In the Empresa Case the vessel had been arrested, but no bond given for its release.

Upon facts in no essential respect different from those in the instant case, it was squarely held that the cross-libelant was entitled to security from the cross-respondent. If Admiralty Rule 53, as it then stood, were still in force, the Empresa Case would indisputably settle for this district the issue here in favor of the cross-libelant. Since the adoption of rule 50 is that still true?

In Washington-Southern Co. v. Baltimore Co., 263 U. S. 629, 44 S. Ct. 220, 68 L. Ed. 480, in 1924 the Supreme Court dealt specifically with the present Admiralty Rule 50. Apparently it regarded as applicable and approved the Empresa Case. In addition, in effect it said unequivocally that the new rule (50) is a mere codification of the law as it existed under the old rule (53). The language of Mr. Justice Brandeis is this (pages 639, 640 of 263 U. S., 44 S. Ct. 224, 68 L. Ed. 480):

"The new phrases introduced in rule 50 were not designed to introduce any new practice concerning cross-libels. Their purpose was to formulate the practice which had become settled. This is true of those relating to the giving of security, as it is of those concerning the character of the claims which may be asserted by means of a cross-libel."

It would be inconsistent with what has just been quoted from the Supreme Court if I failed to treat a ship held under attachment as security by respondent or claimant to respond in damages within the intention of rule 50.

I conclude, therefore, that this court has power, upon terms, to direct that security be given by the cross-respondent.

Further proceedings by libelant in the original suit will be stayed until the security asked for is furnished. If the security be not forthcoming within ten days after service on the proctor for the cross-respondent of a copy of the order hereon, leave is granted to the owner of the ship, on two days' notice, to move for its release from attachment or for other relief with respect to the attachment. I do not deem it appropriate to go further at this time.

Motion granted to the extent stated. Settle order on one day's notice, unless agreed on.