## MODERN BROKERAGE CORPORATION v. MASSACHUSETTS BONDING & INS. CO.

District Court, S. D. New York.
June 20, 1944.

Benjamin C. Ribman, of New York City (Myron M. Fincman, of New York City, of counsel), for plaintiff.

Bennett & Roth, of New York City (Ray Rood Allen and Herbert M. Lord, both of New York City, of counsel), for defendant.

BRIGHT, District Judge.

 Plaintiff's motion for a reargument, etc., is denied. Plaintiff prepared the contract for the repair of the vessel. If there was any ambiguity in its language, it would be construed against it. But there is no ambiguity in the arbitration clause. It clearly contemplates the arbitration of "*any* dispute * * * respecting the true construction of the specifications *or* respecting the manner or sufficiency of the performance of the work." The statement by the plaintiff's secretary who prepared and signed the contract that it was not the intention of that clause to arbitrate whether there was a failure and neglect to make the repairs, improvements and alterations, cannot be permitted to change the plain words which she inserted.

It also appears without dispute, that the plaintiff selected Capt. C. B. Kenney, and employed him to make a survey of the vessel, as well as to make "specifications covering the alterations and repairs," and also inserted in the contract his name as arbitrator. It paid installments of the contract price apparently as therein agreed, and the final payment was apparently made "upon completion of the work in accordance with the specifications herein referred to and upon approval of" Capt. Kenney. Apparently there was no objection until after the vessel had left the yard of the contractor.

 The dispute sued upon in the first cause of action is that the contractor "failed to perform its obligations under the said contract and failed and neglected to make the repairs, improvements and alterations and to place" the vessel in proper running order as required by the contract; and the respects in which plaintiff claims the contractor did not do are set forth in the "Thirteenth" paragraph. That dispute certainly is included in the arbitration clause.

██ The remaining question is whether I small direct that the arbitration proceed before some arbitrator other than the parties have named. I doubt if I have the right to change the terms of the contract. But I do not see why I should, for the reasons stated by the plaintiff, which are: (1) That Capt. Kenney approved the bills and requisitions for payment and thus certified to the satisfactory completion of the work, which was what plaintiff employed him to do and agreed that he should do. It does not appear that if he made a wrong decision he is not honest enough to correct it. (2) That it would be unfair to have him pass upon matters alleged in the complaint since he would be required to pass upon decisions which he himself had made, and it is doubtful if he would have an open mind and could divorce therefrom the fact that he had already approved the work. It does not satisfactorily appear that he would not do this. No attack is made upon his integrity, and since no complaint was made until after the vessel left the yard, it would seem that he, of all others, is best qualified to pass upon the present claims of the plaintiff. (3) Plaintiff says that it has not paid Capt. Kenney for his services as surveyor, and that would also prejudice him against plaintiff, a rather unusual objection which, if acquiesced in, would permit a party in an arbitration agreement to take advantage of its own default in order to relieve itself from a contractual obligation voluntarily assumed. (4) It appears by the affidavits in opposition to the motion that during a period of twelve years Capt. Kenney has been surveyor on three different ships repaired at the Quincy plant, and since the work in question, and about two months ago, he surveyed a yacht in the repair of which the Quincy Corporation did carpenter work to the extent of $155.

There does not appear to be any other business, corporate or social relation or connection between Kenney and the Quincy Corporation, nor any other facts which would tend to show bias or prejudice. Under the circumstances, I can see no reason why there should be any change in my previous decision.