PAN AMERICAN SHIPPING CORP. v.
MARITIMA COLOMBIANA LIMI-
TADA.
THE ZESTA.
No. 13925.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1952.

Benjamin W. Yancey, New Orleans, La., M. Lewis Hall, Jr., H. H. Taylor, Miami, Fla., for appellant.

Douglas D. Batchelor, David W. Dyer, Miami, Fla., for appellee.

Before JOSEPH C. HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

The appeal from the interlocutory order, purportedly entered under Admiralty Rule 50, 28 U.S.C.A.,[1] having been lodged with this court, and a motion for leave to file a writ of prohibition having been applied for in said cause, both motion and appeal, by agreement expedited and set for submission on the same date, are before us for decision.

The order appealed from required libelant and cross-respondent below, appellant here, to give security to respond in damages to the counterclaim set forth in cross-libel, and, in default of its doing so within fifteen days, gave cross-libelant the right to move for a stay of all proceedings and to further move for the release of the vessel from the attachment.

The motion for permission to file a petition for writ of prohibition sought to restrain the district judge in the same case from proceeding to hear and act upon the motion of cross-libelant, filed pursuant to the above order, for a stay of proceedings and the release of the vessel.

A brief chronological statement of the proceedings, anterior to the appeal and the filing of the motion, will suffice.

On November 30, 1951, the petitioner filed its libel in the district court against the Motor Vessel "Zesta" in a cause of action civil and maritime, to recover damages arising out of a breach of a time charter, and to rescind the contract of charter arising out of such unseaworthiness.

On the filing of the libel, there was an order for process, attachment was issued and served by the Marshal, and the Motor Vessel "Zesta" was seized, taken into custody and possession, and such custody has been preserved and remains. No stipulation for value has been filed for the release of said vessel, no security has been given by claimant.

Thereafter, in the course of said proceedings, Maritima Colombiana Limitada filed its claim as owner, its answer, and its cross-libel, against the petitioner, and thereafter petitioner as cross-respondent filed its answer to the cross-libel.

During the pendency of said proceedings, the claimant and cross-libelant filed its motion to require posting of security by cross-respondent and prayed, in the event the libelant-cross-respondent failed to give security within a period of ten days from the entry of an order to that effect, that the Motor Vessel "Zesta" be released from attachment in the cause. December 12, 1951, the District Judge entered an order requiring the libelant-cross-respondent to give security in the amount of $12,750 to respond in damages to the claim of the cross-libelant and further ordered, in the event the said security be not forthcoming within fifteen days after the entry of the order, the cross-libelant should have the right on two days' notice to move to stay the proceedings on the original libel, and for the release of the "Zesta" from attachment. The libelant-cross-respondent filed a petition for rehearing, and the petition for rehearing was denied December 21, 1951.

Petitioner-libelant-cross-respondent and charterer entered its notice of appeal to the U. S. Court of Appeals, Fifth Circuit, from the orders of Dec. 12, 1951, and Dec. 21, 1951, and filed its assignment of errors.

January 2, 1952, the claimant-owner and cross-libelant filed its motion for stay of proceedings and release of the vessel alleging that the petitioner-libelant . and cross-respondent had not posted security

1. That rule provides: "Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs."

as required by the order of Dec. 12, 1951. On the same day the Court entered its order deferring for a period of twenty days the entry of the order and decree staying proceedings, and releasing the Motor Vessel "Zesta" from attachment under the order of the court of Dec. 12, 1951, and providing that in the event no stay or other appropriate order was entered by the U. S. Court of Appeals for the Fifth Circuit on or before Jan. 22, 1952, the cross-libelant be entitled to one day's notice to renew its motion for the stay and for the release of the "Zesta". On January 9, 1952, the transcript of record and the motion for permission to file the petition for writ of prohibition were filed in this court.

Appellant and movant is here insisting that the district court erred, in the entry of the interlocutory order and decree dated Dec. 12, 1951, appealed from: (a) in requiring the libelant-cross-respondent to give security in the amount of $12,750 to respond in damages to the claim set forth by the respondent-claimant, Maritima Colombiana Limitada, in the cross-libel; and (b) in ordering, adjudging and decreeing that in the event the required security be not forthcoming within fifteen days after the entry of the said order, that the cross-libelant-claimant should have leave, on two days' notice, to move for the stay of all proceedings on the original libel, and to move for the release of the Motor Vessel "Zesta" from attachment; and, therefore, erred in entering its order of January 2nd, as to which the writ of prohibition was applied for.

As grounds for these contentions, appellant insists that the order of the court is in conflict: with the plain interpretation of the rule on its face; with its construction in Washington Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Company, 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480, in The City of Beaumont, 4 Cir., 8 F.2d 599, and in The Owego, D.C., 289 F. 263; and with the treatment of the subject in 2 Benedict on Admiralty, Sec. 331, 1950 Edition, wherein it is stated: "The rule in its present form has no application unless the respondent or claimant in the original suit, i. e., the cross-

libelant, has given security to respond in damages and has given it under compulsion to obtain the release of a vessel * * *."

Appellee in the appeal, respondent in the motion, counters these positions by citing two district court decisions from the Second Circuit, Empresa Maritima a Vapor v. North & South American Steam Navigation Co., D.C., 16 F. 502, and The Evangeline, D.C., 36 F.2d 426, 427. The second followed the holding of the first on the ground that, unless Admiralty Rule 50 is different from Admiralty Rule 53, the rule laid down in the first case "would indisputably settle for this district the issue here * * *" and that it is not different.

It is sufficient to say that a comparison of the two rules shows precisely different language producing precisely different effects.

A careful examination of the rule itself and of the authorities cited, *supra*, leaves us in no doubt that the order was both erroneously and improvidently entered. It was erroneously entered because, under its specific language, language not appearing in Rule 53, and under the authorities cited, Rule 50 applies only where *"the respondent or claimant in the original suit shall have given security to respond in damages"* (emphasis supplied), and in this case the claimant has not done so. It was improvident even if security had been given because, as pointed out in City of Beaumont and Washington Southern, supra, an order for the release of the vessel or a dismissal of the libel may not be made. This is not to say, however, that in no event in a case like that presented in Empresa Maritima, supra, of willful and inexcusable refusal, after full hearing and ample time afforded to obey the order for security, the court may not, if justice cannot possibly be otherwise done, impose such terms.

Because the claimant has not given security to respond in damages, and because, if it had, the order would upon this record have been an abuse of discretion, indeed beyond the power of the court to make, it may not stand. It is, therefore,

Reversed and the cause is Remanded with directions for further and not inconsistent proceedings, and the matters presented on the leave to file the motion for a petition for prohibition being now moot, the leave to file is Denied.