DIACON–ZADEH v. DENIZYOL-LARI et al.

THE YOZGAT et al.

No. 10636.

United States Court of Appeals Third Circuit.

Argued April 24, 1952.

Decided May 12, 1952.

492

George E. Beechwood, Philadelphia, Pa. (John V. Lovitt, and Conlen, LaBrum & Beechwood, all of Philadelphia, Pa., on the brief), for appellant.

Charles Lakatos, Philadelphia, Pa., for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying the appellant's motion to stay proceedings on a libel in admiralty pending arbitration pursuant to the terms of the charter party between it and the libellant. Asserting that the order in question is interlocutory and not appealable, the libellant has moved to dismiss the appeal for want of jurisdiction. The motion must be granted.

■ In Schoenamsgruber v. Hamburg Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L. Ed. 989, the Supreme Court held interlocutory and, therefore, unappealable an order in an admiralty suit staying proceedings pending arbitration. The court in that case rejected the argument of the appellant that the action was the equivalent of the granting of an injunction and, therefore, appealable as such under Sec. 129 of the Judicial Code of 1911 [1] under the doctrine of Shanferoke Co. v. Westchester Co., 1935, 293 W.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, and Enelow v. N. Y. Life Ins. Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. The court pointed out that, except in limitation of liability cases, courts of admiralty do not issue injunctions. We see no reason to hold that the rule of the Schoenamsgruber case does not apply merely because in that case an order staying proceedings pending arbitration was granted whereas here it has been refused.

■ The appellant relies on The Helen L., 9 Cir., 1940, 109 F.2d 884; W. E. Hedger Transp. Corp. v. Gallotta, 2 Cir., 1944, 145 F.2d 870; and Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 1947, 159 F.2d 273, as authority to the contrary. But all these suits were limitation of liability cases in which cases, as the Supreme Court recognized in the Schoenamsgruber case, the admiralty court has jurisdiction to issue injunctions. In The Helen L. the appeal was from an order dissolving an injunction restraining the prosecution of a suit in the state court. In the Hedger case the appeal was from an order denying a motion to reinstate a stay of an action in the state court. In the Kevin Moran case the appeal was from an order denying a motion to vacate an injunction against suing in other courts. It will thus be seen that each case involved an actual injunction against other litigation, not merely a stay in the principal suit. The cases accordingly do not support the appellant's contention that the order denying a stay of proceedings in this case is appealable.

The appeal will be dismissed.

1. Now incorporated in 28 U.S.C. § 1292.