SEABOARD & CARIBBEAN TRANS-PORT CORPORATION, Appellant,

v.

HAFEN–DAMPFSCHIFFAHRT A. G. HAPAG–HADAC SEEBADER-DIENST, Appellee.

No. 20647.

United States Court of Appeals Fifth Circuit.

March 31, 1964.

Irving B. Levenson, Miami Beach, Fla., for appellant.

Frank J. Marston, James L. Hurley, Miami, Fla., for appellee; Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

Before TUTTLE, Chief Judge, and PHILLIPS * and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Seaboard & Caribbean Transport Corporation, is a Liberian corporation. The appellee, Hafen-Dampfschiffahrt A. G. Hapag-Hadac Seebaderdienst, is a West German corporation, and the owner of the M/V Wappen Von Hamburg, also known as the Empress of Bahamas. It is a diesel-powered excursion vessel with a passenger capacity of 1700. The owner, by a Time Charter dated September 10, 1962, let the vessel to the appellant for a period of 6½ months (195 days) to be used between ports in New York and in Florida, and in the Bahama Islands and Caribbean area ports. The Charter fixed the daily rate of hire, stipulated for the hire to be paid in Hamburg in cash, and, by paragraph 26 of the instrument, provided:

"Charterers to pay 10-% (ten percent) of first sixty days hire on signing of this contract and the balance of the first sixty days hire on delivery of the vessel. Equal installments of 30 days hire each (except last installment of 15 days hire) will be paid every 30 days commencing with the 30th day after the date of delivery of the vessel until the hire for 6½ months, i. e. 195 days has been paid to the owners. The balance due to either party, after due adjustment for amounts credited to or advanced by either party, to be paid on redelivery at Hamburg."

The Charter contained an arbitration clause in these terms:

"Any dispute arising under the Charter to be referred to arbitration in London (or such other place as may be agreed) one Arbitrator to be nominated by the Owners and the other by the Charterers, and in case the Arbitrators shall not agree then to the decision of an Umpire to be appointed by them, the award of the Arbitrators or the Umpire to be final and binding upon both parties."

The appellant-charterer took delivery of the vessel on October 15, 1962. The hire for the first sixty days was paid. The venture did not develop as the charterer had hoped. The owner extended the time for payment of half of the November 1962 installment and the other half was paid. On December 14, 1962, while the vessel was in the Port of Miami, Florida, the owner withdrew the vessel from the Charter on the asserted ground that there was a default in payment of an installment of the ship's hire which it claimed was then due. On December 16, 1962, a libel *in rem* was filed by J. E. O'Malley for canvas and awnings furnished to the vessel. Intervening libels were filed for services and supplies by a number of suppliers. On December 21, 1962, the charterer filed an intervening libel against the owner, asserting a breach of contract by wrongfully cancelling and terminating the Charter and claiming damages in the amount of $1,-252,375.98. The owner filed a release bond in the amount of $1,400,000, and the vessel was returned to it.

On December 27, 1962, the owner filed a motion praying that the court decline jurisdiction and, in the alternative, for leave to file a cross-libel in the amount of $600,000 against the charterer for damages said to have been sustained by an alleged breach of the Charter. The owner also sought an order to refer the claims of charterer and owner to arbitration in London as provided by the arbitration clause of the Charter. With leave

of court the owner's cross-libel was filed. The owner filed a motion to require the charterer to give security on the cross-libel. The motion to compel arbitration was renewed. The charterer then asserted it had become insolvent by reason of the owner's conduct in retaking the vessel and filing the cross-libel. The court, by an order of January 18, 1963, allowed the charterer to maintain its libel against the owner *in personam*, and cancelled the $1,400,000 bond which had been previously given by the owner. Later, on March 1, 1963, the court ordered that the proceedings on the intervening libel of the charterer and the cross-libel of the owner be stayed until arbitration had been had in London in accordance with the terms of the Charter, retaining jurisdiction to enter a decree upon the arbitration award and to require further security if the need therefor be shown. Jurisdiction to enter further orders was reserved. The charterer filed, on March 12, 1963, notices of appeal from each of the two orders.

The appeals have been consolidated. The owner has filed a motion to dismiss addressed to both appeals. By the motion it is urged that the court's orders are not final decrees in admiralty nor interlocutory decrees in admiralty and the appeals are premature. It is also contended that the appeals should be dismissed on the ground that the notices of appeal were not timely filed. The motion to dismiss was carried with the case for ruling when the appeals are reached for a decision on the merits. The motion goes to the jurisdiction of this Court over the appeals and so will be first considered. The notice of appeal from the order of January 18, 1963, was filed on March 14, 1963. If the order is a final decision the appeal was timely; if it is interlocutory,

the notice of appeal came too late.[1] The charterer's position on this question is that the order dismissing its libel *in rem* against the M/V Wappen Von Hamburg was a final decision. If that position is not sustained the Court has no jurisdiction of the appeal from the order of January 18, 1963.

■ Where a decree in an *in rem* admiralty proceeding released the vessel but did not, in terms, dismiss the libel, it was held that the decree was final and appealable. The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 65 L.Ed. 592; The Attualita, 4th Cir. 1916, 238 F. 909. Cf. O'Neill v. Cunard White Star, 2nd Cir. 1947, 160 F.2d 446, cert den. 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358; Pan American Shipping Corporation v. Maritime Colombiana, Limitada, 5th Cir. 1952, 193 F.2d 845. Here the vessel was released on bond and for the purpose of the libel of the charterer became a substitute for the vessel. 2 Benedict on Admiralty 398, § 305. The cancellation of the bond put an end to the libel *in rem* and hence was a final decision and was timely taken. The motion to dismiss the appeal from such order will be denied.

■ The March order, staying the proceeding until arbitration in London is had, is not an appealable order. It is interlocutory and does not meet the requirement of the statute[2] allowing appeals from interlocutory decrees in admiralty. The order does not determine the rights and liabilities of the parties. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989, reh. den. 294 U.S. 734, 55 S.Ct. 635, 79 L.Ed. 1263. Postal S. S. Co. v. International Freighting Corporation, 5th Cir. 1943, 133 F.2d 10; 6 Moore's Federal Practice 38, 42. Par. 54.06[5]. The

---

1. In any action, suit or proceeding in admiralty, the notice of appeal shall be filed within ninety days after the entry of the order, judgment or decree appealed from, if it is a final decision, and within fifteen days after its entry if it is an interlocutory decree. 28 U.S.C.A. § 2107.

2. The courts of appeals shall have jursdiction of appeals from:
 * * * * *
 "(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed * * *." 28 U.S.C.A. § 1292.

order, otherwise not appealable, does not become so because the arbitration is to be outside the district. See Industrial Y Frutera Colombiana, S. A. v. The Brisk, 5th Cir. 1952, 195 F.2d 1015. It follows that the appeal from the order of March 1, 1963, must be dismissed for want of jurisdiction.

 Left for disposition is the appeal on the merits from the January 18, 1963, order. This order was entered under Admiralty Rule 50 [3] which permits a cross-libelant who has given security to demand it. This right to security is qualified by the proviso "unless the court for cause shown, shall otherwise direct * * *." The charterer asserts that the action of the owner in retaking the vessel placed it in a position where it was without sufficient funds or property to permit it to give bond and, this being so, cause was shown for a direction of the district court that no security be required of it to respond to the owner's cross-libel. The purpose of the provision is to place the parties on a basis of equality as regards security. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480. The statute vests in the district court a broad discretion as to whether or not there shall be security required. We are of the opinion that there has not been an abuse of that discretion in this case. 2 Benedict on Admiralty, 6th Ed. 458 § 331. We therefore affirm the district court's order of January 18, 1963.

The charterer has filed in this Court, as an appendix to its brief, affidavits which were not before the district court. We find it unnecessary to determine whether, in a case where such matter might be material, it could be considered. See Compagnia Maritima La Empresa, S.

A. v. Pickard, 5th Cir. 1963, **320 F.2d** 829; Compagnie De Navigation Fraissinet & Cyprien Fabre, S. A. v. Mondial United Corporation, 5th Cir. 1963, 316 F. 2d 163.

The appeal from the order of March 1, 1963, will be dismissed. The order of January 18, 1963, will be affirmed.

3. "Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs." Supreme Court Admiralty Rule 50.