**MANNESMANN ROHRLEITUNGSBAU, G.m.b.H., Libelant,**

v.

**S.S. BERNHARD HOWALDT, her engines, boilers, etc., Bernhard Howaldt, and Transamerican Steamship Corporation, Respondents.**

**No. 64 Ad. 1201.**

United States District Court
S. D. New York.

Aug. 12, 1965.

Hill, Rivkins, Louis & Warburton, New York City, for libelant, Joseph T. McGowan, Thomas D. Toy, New York City, of counsel.

Dougherty, Ryan, Mahoney & Pellegrino, New York City, for respondent Transamerican Steamship Corp., Robert J. Giuffra, New York City, of counsel.

WYATT, District Judge.

This is a motion by respondent Transamerican Steamship Corporation ("Transamerican") to dismiss the libel because this forum is inconvenient or, in the alternative, for a stay under 9 U.S.C. § 3 pending arbitration.

■ The motion to dismiss is plainly without merit. In the freight contract of February 18, 1963, movant is described and referred to as "owners" of the vessels to be furnished thereunder. The fact that movant is described at one point as "Disponent Owners" is of no significance. If the "jurisdiction" clause in the "Liner Bill of Lading" is applicable at all (which is doubtful), movant is the "Carrier" and this suit is in the country where movant has its principal place of business. If it were possible to *transfer* the suit to some other and more convenient district in this country, this could be seriously considered. But to *dismiss* the libel and thus substantially prejudice a diligent suitor, would seem to be improper.

On the other hand, nothing has been shown to defeat the right of Transamerican to a stay under 9 U.S.C. § 3.

The contract made by the parties clearly provided for arbitration in Rotterdam.

■ The argument for libelant appears to be that for a variety of reasons in Dutch law it cannot go into a *Dutch* court and *compel* Transamerican to arbitrate. This seems beside the point. Apparently no move has been made by libelant to have arbitration in Rotterdam. Under the contract, the first move would be to try to agree with Transamerican on a single arbitrator. If this cannot be done in a reasonable time, libelant should "nominate" an arbitrator. Whether Transamerican will then refuse to proceed with arbitration in Rotterdam remains to be seen, but if it should so refuse, a stay of this suit can of course be vacated. Transamerican cannot have it both ways; it cannot maintain a stay of this suit and also delay or frustrate arbitration. An applicant for a stay under 9 U.S.C. § 3 is, by the terms thereof, required to be "not in default in proceeding with such arbitration". There is nothing to show that Transamerican is presently in default.

■ The circumstance that the arbitration is to take place in a foreign country does not affect the right to a stay under 9 U.S.C. § 3. The Quarrington Court, 25 F.Supp. 665, 666 (S.D.N.Y.

**280**

1938); reversed on other grounds, 102 F.2d 916 (2d Cir.), cert. denied Court Line v. Isthmian, 307 U.S. 645, 59 S.Ct. 1043, 83 L.Ed. 1525 (1939). See also Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 452–453, 55 S.Ct. 313, 79 L.Ed. 583 (Brandeis, J.; 1935).

The motion for a stay is accordingly granted and the trial of this suit is hereby stayed until arbitration has been had in accordance with the terms of the agreement between the parties dated February 18, 1963, and libelant has leave to move to vacate this stay upon a showing that respondent Transamerican is delaying or frustrating the arbitration provided for in said agreement.

The motion to dismiss the libel is denied.

So ordered.