LOWRY & CO., Inc., Libelant-Appellant,

v.

S. S. LE MOYNE D'IBERVILLE, her engines, boilers, etc. and Compagnie Generale Transatlantique a Paris, Respondent-Appellee.

No. 288, Docket 30662.

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1967.

Decided Jan. 31, 1967.

Joseph T. McGowan, New York City (Clare E. Walker and Hill, Rivkins, Warburton, McGowan & Carey, New York City, on the brief), for libelant-appellant.

Edwin Longcope, New York City (Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for respondent-appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

The endorsee of bills of lading for a sugar cargo libelled respondent's ship for damage to the cargo in carriage. Respondent moved in the alternative for dismissal of action or stay pending arbitration pursuant to provisions of the charter party incorporated by reference in the bills of lading. The District Court for the Southern District of New York, Edward Weinfeld, Judge, granted a stay pending arbitration, 253 F.Supp. 396, and libelant appealed. We hold the order not appealable and dismiss the appeal.

Both parties urge us to hold this order appealable. Libelant seeks reversal of the order for stay, impliedly ordering arbitration, and respondent, although it filed no cross appeal, seeks to narrow the scope of the arbitration. We find it impossible to reach the merits because of the limitations on our appellate jurisdiction, and must dismiss the appeal.

28 U.S.C. § 1291 grants us jurisdiction over final decisions of the district courts. 28 U.S.C. § 1292(a)(3) grants us jurisdiction over appeals from "Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Neither of these provisions by its terms covers the instant appeal, and the courts have consistently given them a narrow construction. Federal policy, as distinguished from that followed by some state judicial systems, is against piecemeal appeals. Switzerland Cheese Ass'n v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966); Chappell & Co. v. Frankel, 367 F.2d 197 (2d Cir. 1966).

■ An order staying an admiralty action in the district court pending arbitration is not a final order and is not appealable. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935). The parties are still before the court and further proceedings may be moved after the arbitrators have acted. See Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, 269 F.2d 618 (2d Cir. 1959); Stathatos v. Arnold Bernstein SS Corp., 202 F.2d 525 (2d Cir. 1953); Postal SS Co. v. International Freighting Corp., 133 F.2d 10 (5th Cir. 1943); Seaboard & Caribbean Transport Corp. v. Hafen-Dampfschiffahrt A.G., 329 F.2d 538 (5th Cir. 1964); Diacon-Zadeh v. Denizyollari et al. (The Yozgat et al.), 196 F.2d 491 (3d Cir. 1952); Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 294 (2d Cir. 1965). Where the final relief sought is an order to proceed to arbitration under Section 4 of the Arbitration Act or 301(a) of the Labor Management Relations Act, the order is final and appealable. Farr & Co. v. Cia, etc., 243 F.2d 342 (2d Cir. 1957); Goodall-Sanford, Inc. v. United Textile Workers of America, AFL Local 1802, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957).

In the case at bar, however, the final relief sought by libelant was money damages, not arbitration, which was demanded in the answer. The stay has held up the proceedings, but as stated, the parties are still before the court, which can meet the problems of further proceedings as they arise.

The parties would have us create an exception to the rule where the arbitration is to take place abroad. The courts, however, have not made such a distinction, either in enforcing arbitration contracts under the Act, or in granting stays pending arbitration. See Seaboard & Caribbean Transport v. Hafen-Dampfschiffahrt A.G., supra; Mannesmann Rohrleitungsbau G.m.b.H. v. SS Bernhard Howaldt, 254 F.Supp. 278 (S.D.N.Y. 1965), Wyatt, J.; Modern Brokerage Corp. v. Mass. Bonding & Insurance Co., 54 F.Supp. 939; 56 F.Supp. 696 (S.D. N.Y.1944), Bright, J.; The Quarrington Court, 25 F.Supp. 665 (S.D.N.Y.1938), Patterson, J., reversed on other grounds, 102 F.2d 916 (2d Cir. 1939); International Refugee Organization v. Republic SS Corp., 93 F.Supp. 798 (D.Md.1950), Coleman, C.J. (appeal dismissed, mandamus granted on other grounds, 189 F.2d 858 (4th Cir. 1951)); Fox v. The Giuseppe Mazzini, 110 F.Supp. 212 (E.D. N.Y.1953), Galston, J. Compare Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 70 F.2d 297 (2d Cir. 1934), aff. 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935), "We can see no reason for a limited construction, and conclude that section 3 authorizes a stay even though the arbitration must take place beyond the jurisdiction of the court." 70 F.2d at 298, L. Hand, J., calling attention also to the similar rule under the English act. We are not persuaded that it would be consistent with the general policy against piecemeal appeals or desirable to depart from the ruling against appealability in these cases. The appeal is dismissed.