**In the matter of the Arbitration between MASSEY COAL EXPORT CORPORA-TION, Petitioner,**

**and**

**COMPANIA COMERCIAL Y NAVIERA SAN MARTIN S. A. and Copenhagen Lighting Department, Respondents.**

**No. 82 Civ. 1153.**

United States District Court, S. D. New York.

April 7, 1982.

Healy & Baillie, New York City, for petitioner; John C. Koster, Richard C. Burns, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for respondent Compania Comercial Y Naviera San Martin, S. A.; Jeffrey M. Aquilante, New York City, of counsel.

Lunney & Crocco, New York City, for respondent Copenhagen Lighting Dept.; J. Robert Lunney, Stephen P. McLaughlin, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a petition by Massey Coal Export Corporation ("Massey") for an order pursuant to 9 U.S.C., sections 4, 5 appointing an arbitrator on behalf of Copenhagen Lighting Department ("Copenhagen") and directing it to submit to a pending arbitration between Massey and Compania Comercial Y Naviera San Martin S. A. ("San Martin"). The claim which Massey seeks to have determined in a consolidated arbitration proceeding arises under a contract entered into with Copenhagen on September 6, 1979, later memorialized on October 3, 1979, for the sale of coal by Massey to Copenhagen. The contract contained a clause that Copenhagen guaranteed the prevailing water depth at the discharge berth as at least 10.5 meters.

On September 6, 1979 Massey entered into a charter party with San Martin as owner of the M/V Costanza (the "Vessel"), whereby Massey agreed to ship and San Martin agreed to carry the coal that was sold to Copenhagen. Massey, as charterer, guaranteed "10.5 meters depth of water available" at the discharge berth. The charter party contained an arbitration provision in the event of any dispute between the parties. Massey's agreement with Copenhagen did not contain an arbitration provision.

The coal sold to Copenhagen was loaded aboard the Vessel at Newport News, Virginia on October 13, 1979 for delivery to Copenhagen at the Port of Copenhagen. The bill of lading wherein Copenhagen was the "Notify Party" contained a provision that the freight charges were to be paid in accordance with the charter party of September 6, 1979 and that "all the terms, conditions, provisions and exceptions together with all clauses as contained in said charter are herewith incorporated."

The Vessel, upon arrival at the Port of Copenhagen, was prevented from berthing due to a low water depth which was less than the 10.5 meters guaranteed by Massey in the charter party. San Martin claimed demurrage and damages for detention from Massey and the claims are now pending before an arbitration panel pursuant to the terms of the charter party.

Massey now asserts a claim against Copenhagen for breach of the water depth guaranty contained in the sales agreement. Massey, by its current motion, seeks to compel Copenhagen to arbitrate the claim so advanced and to consolidate it with the pending arbitration between Massey and San Martin. It asserts that the issues of law and fact as between San Martin and Massey are identical in all material respects to those between Massey and Copenhagen and that there is serious risk of wasteful duplication, delay and inconsistent findings and conclusions if the matters are heard before two separate tribunals.

Both San Martin and Copenhagen resist the motion to consolidate. They contend, among other matters, that the guarantees of water depth in the two contracts are different and do not present common issues of fact. Copenhagen denies it ever agreed to arbitrate under the sales agreement. Massey, recognizing the absence of such a provision in its agreement with Copenhagen, relies upon the bill of lading and the incorporation therein of the charter party which contains the arbitration provision and cites the well-known case of *Son Shipping Co. v. De Fosse & Tanghe*.[1] However, its reliance upon this authority and others it cites is misplaced. In those cases, a shipper, carrier, or consignee was seeking to enforce claims or avoid claims under the bill of lading which incorporated by reference the arbitration provision of the charter party. But here, Massey's claim is not based upon the bill of lading but on an independent contract of sale. Such contract did not, either initially or when later memorialized, contain an arbitration provision nor does it contain any reference to the bill of lading or the charter party sufficient to incorporate the arbitration provision therein.[2]

While arbitration agreements are to be enforced, parties cannot be forced to arbitrate disputes unless they agreed to do so. As stated by our Court of Appeals in a recent ruling:

All disputes arising "under" the agreement are to be arbitrated; those that are collateral to the agreement are not.[3]

The petition to compel arbitration is denied. So ordered.

1. 199 F.2d 687 (2d Cir. 1952).

2. *See Lowry & Co. v. S. S. LeMoyne D'Iberville*, 253 F.Supp. 396, 398 (S.D.N.Y.1966), *appeal dismissed*, 372 F.2d 123 (2d Cir. 1967).

3. *Rochdale Village Inc. v. Public Service Employees Union Local 80*, 605 F.2d 1290, 1296 (2d Cir. 1979).