WHITNEY–FIDALGO SEAFOODS, INC.,
a Maine corporation, Plaintiff,

v.

MISS TAMMY, Official Number 299,166,
her engines, tackle, apparel, furniture
and equipment, etc., In Rem; Rudolph
Johanson and Jane Doe Johanson, and
their marital community, and Virgil Gor-
don and Jane Doe Gordon, and their
marital community, In Personam, De-
fendants.

Admiralty No. C81–1239B.

United States District Court,
W. D. Washington at Seattle.

July 6, 1982.

W. Craig Smith of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiff.

John S. Congalton, Seattle, Wash., for defendants.

## ORDER DENYING DEFENDANTS MOTIONS

BEEKS, District Judge.

### BACKGROUND

In April of 1979, having done business regularly with plaintiff in the past, defendants sought and received from plaintiff approximately one hundred seventy-five thousand dollars ($175,000) for which they executed a demand promissory note in that amount. The money was used to purchase the MISS TAMMY. In accord with its customary practice, plaintiff subsequently established an open account for the MISS TAMMY and entered the charges representing the cash advance for vessel purchase among the first entries recorded in the account. Debts for wages, repairs, supplies and other necessaries were thereafter incurred by defendants, paid by plaintiff and billed to the account. Similarly, credits were entered when defendants sold and made delivery of catch to plaintiff.

On October 19, 1981, plaintiff sued defendants seeking foreclosure of maritime liens against the MISS TAMMY, recovery under the note, compensation for damages and the return of personal property. MISS TAMMY was arrested by the United States Marshal. The parties subsequently entered into a Stipulation for Release of the vessel providing that in consideration of defend-

ants' posting a bond in the amount of the agreed value of the vessel, two hundred and fifty thousand dollars ($250,000), and payment of the accrued fees of the Marshal, plaintiff would agree to the vessel's release. *See* Supplemental Rule E(5), Fed.R.Civ.P.

Plaintiff thereafter filed an amended complaint demanding:

1) the amount owed by defendants for the purchase of MISS TAMMY and seeking recovery on the promissory note executed by defendants in connection therewith;

2) charges incurred by defendants for wages, supplies, repairs and other necessaries paid by plaintiff, thereby creating in plaintiff, as subrogee, maritime liens against the MISS TAMMY and seeking foreclosure thereof;

3) payment of a second advancement of funds by plaintiff to defendants;

4) payment of damages resulting from a breach of a verbal agreement wherein defendants agreed to deliver their catch to plaintiff;

5) the return of plaintiff's state "gear permit" wrongfully retained by defendants.

In response, defendants allege several affirmative defenses and three counterclaims demanding recovery as follows:

1) compensation of not less than seventy thousand dollars ($70,000) for delivery of fish catch from vessels other than MISS TAMMY during 1979, 1980 and/or 1981;

2) fifty thousand dollars ($50,000) as treble damages due defendants because of usurious interest rates charged by plaintiff during the years aforementioned; and,

3) damages of not less than fifty thousand dollars ($50,000) arising from abuse of process in that plaintiff, through negligence or lack of good faith, grossly misstated its claim against MISS TAMMY.

In addition, defendants make the following interrelated motions. First, they allege plaintiff's claim *in rem* to be grossly overstated and urge that providing continuous collateral for the bond for release of MISS TAMMY constitutes an undue hardship upon them, and, pursuant to Supplemental

Rule E(6) of the Federal Rules of Civil Procedure, they move for reduction of the amount of the posted bond to one hundred thousand dollars ($100,000). Second, defendants, pursuant to Supplemental Rule E(7) of the Federal Rules of Civil Procedure, move that plaintiff be required to post bond in the amount of one hundred thousand dollars ($100,000) as security for defendants' counterclaims and to stay the instant action until such relief is provided. Third, defendants, pursuant to Supplemental Rule E(2)(b) of the Federal Rules of Civil Procedure, move that plaintiff be required to provide additional security for costs.

## MOTION FOR ORDER REDUCING SECURITY POSTED BY DEFENDANTS

Central to the question whether this court should reduce the security heretofore posted by defendants is the approximate amount of plaintiff's claim *in rem*, fairly stated, against the bond. *See* Supp.R. E(5)(a), Fed.R.Civ.P. Defendants dispute plaintiff's valuation of its lien claim contending that plaintiff improperly apportioned, in defendants' account, part payments delivered and received in the form of catch to unsecured debt rather than secured debt. Hence, the immediate issue concerns the method plaintiff employed in crediting defendants' catch credits.

Plaintiff claims it properly credited fish deliveries first against the unsecured debt, and second against the secured debt. By so doing, plaintiff affords itself the greatest degree of security for the overall debt between the parties. In opposition, defendants maintain that because neither party hereto directed at the inception of their dealings which debt or class of debt was to be credited, they are entitled to have catch credits appropriated first to extinguishment of the debt secured by lien, and then to repayment of the unsecured debt. Defendants urge this court to apply the rule of appropriation (originating in the civil law) which has been followed in a few jurisdictions and is designed to favor the debtor by relieving him of his most burden-

some obligations. Annot., 97 A.L.R. 345 (1935). What I believe to be the correct rule and which heretofore has been followed in this district, however, is that in the absence of proof of contrary intention, part payments are appropriated as the court presumes the creditor would have done in the first instance; that is, in a manner providing the creditor the greatest security on the remaining account balance. *THE HOME*, 65 F.Supp. 94 (W.D.Wash.1946).

Here, there is no evidence that a contrary intention was part of the agreement between the parties. Further, there is no evidence that defendants, upon delivery of catch, in any way directed that any particular debt or class of debt be credited. It is thus clear that in calculating the amount of its claim *in rem*, plaintiff properly credited the unsecured debt before the secured debt. Accordingly, it is my view that plaintiff's lien claim is one hundred eighty thousand dollars ($180,000), and the question now is whether the bond heretofore posted by defendants is inappropriately high and should be reduced as provided in Supplemental Rule E(6) of the Federal Rules of Civil Procedure.

Defendants' motion is based upon the erroneous conclusion that plaintiff's claim *in rem* approximates less than fifty thousand dollars ($50,000). Plaintiff additionally asserts in opposition to the motion that because the bond amount was fixed by stipulation of the parties, based upon the agreed value of the vessel, the amount should not be reduced. Although relevant to the instant issue, the fact that the amount of the bond was fixed by stipulation is not preclusive of this court's exercise of discretion. *See Techem Chem. Co. v. M/T CHOYO MARU*, 416 F.Supp. 960, 972 (D.Md.1976). Nonetheless, the burden on a party seeking the reduction of a bond so established is considerably greater than where the bond amount is set by statute or is provided by rule. G. Gilmore & D. Black, *The Law of Admiralty* § 9–89, at 799–800 (2d ed. 1975) [hereinafter cited as Gilmore & Black]; 7A *Moore's Federal Practice* ¶ E.14, at E–706 (2d ed. 1979). While the court

may reduce the amount of stipulated security, this is justified only upon a showing that the bond amount is clearly excessive. 7A *Moore's Federal Practice* ¶ E.14, at E–706 (2d ed. 1979). Such is not the case here. Viewing the amount of plaintiff's claim *in rem* as approximately one hundred eighty thousand dollars ($180,000), rather than less than fifty thousand dollars ($50,000) as defendants assert, and bearing in mind the potential award of costs, attorney's fees and prejudgment interest, it cannot be said that the amount of the present bond is clearly excessive as compared to the claim figure. Hence, defendants' motion for an order reducing the amount of the bond heretofore posted is denied.

MOTION FOR ORDER REQUIRING PLAINTIFF TO POST COUNTER–SECURITY AND STAYING PROCEEDINGS UNTIL COUNTER–SECURITY POSTED

■ When a defendant asserts a counterclaim arising out of the events alleged in plaintiff's complaint and has posted security to respond in damages to the action, any plaintiff for whose benefit such security has been given shall be required to give security to respond in damages to such counterclaims, "unless the court, for cause shown, shall otherwise direct; and proceedings on the original claim shall be stayed until such security is given, unless the court otherwise directs." Supp.R. E(7), Fed.R.Civ.P. Although the language of the rule appears mandatory, it is settled that "a built-in discretion exists within Rule E(7) to allow individual case determination of the propriety of security on a counterclaim." *Vic Franck's Boat Co. v. Yacht SUNCHASER III*, 508 F.Supp. 609, 610 (W.D.Wash.1981).

■ The purpose of Supplemental Rule E(7) is to "place the parties on a basis of equality as regards security." *Yacht SUNCHASER III*, 508 F.Supp. at 610. *See Washington-Southern Nav. Co. v. Baltimore & Phil. Steamboat Co.*, 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924) (discussing Admiralty Rule 50, the forerunner to Supplemental Rule E(7)). It is not intended as an instrument by which a defendant may inhibit the plaintiff's prosecution of its suit. Where applicable, as here, it is intended only as a means by which to remedy a defendant's insecurity in respect to the likelihood of satisfying a judgment awarded by the court. Thus, when security on a counterclaim is requested, the court, in the exercise of its discretion, must determine whether defendant genuinely and justifiably suffers such insecurity that plaintiff should be required to provide assurance.

■ Defendants claim insecurity as to whether they will be able to collect any judgment they may eventually be awarded against plaintiff. Noting such factors as the inroads of foreign competition into the fish processing business, fuel costs, fish prices and high interest rates on vessel mortgages, together with a recessed economy, defendants state there is no reason to believe plaintiff will be spared the fate of insolvency that another "industry giant" has suffered in the recent past. Plaintiff denies defendants' forecast and offers the affidavits of its President and its Vice-President/Chief Financial Officer setting forth its net profit for the six-month period ending September 30, 1981, and statements as to its present working capital, net equity and asset ownership. All factors considered, I find that there is no basis for defendants' claimed insecurity, that plaintiff does, in fact, "stand ready and able to satisfy any judgment" that may be rendered against it in the present suit and that cause has been shown for denying defendants' request for security. Accordingly, defendants' motion for counter-security is denied. This ruling, of course, moots the request for stay, which is also denied.

MOTION FOR ORDER REQUIRING PLAINTIFF TO PROVIDE ADDITIONAL SECURITY FOR COSTS

■ In accordance with Local Admiralty Rule 120, Western District of Washington, upon filing the complaint in this action, plaintiff deposited with the United States Marshal five hundred dollars ($500) as security for costs and Marshal's fees. De-

fendants are currently paying one thousand two hundred and fifty dollars ($1,250) to an insurer as the premium cost of the surety bond heretofore posted as security in lieu of the MISS TAMMY. The cost of such a bond is generally recoverable by prevailing defendants. *Central Soya Co. v. Cox Towing Corp.*, 417 F.Supp. 658 (N.D.Miss.1976). Invoking Supplemental Rule E(2)(b) of the Federal Rules of Civil Procedure, as noted above, defendants move this court to require plaintiff to advance additional funds, in the event defendants ultimately prevail herein.

Defendants suggest that if increased security for costs is not required of plaintiff and they subsequently prevail herein and said costs are included in the award, collection of them may be difficult. This motion is governed by the same rules set forth in the preceding section. Hence, defendants' motion for additional security for costs is denied.