EXPERT DIESEL, INC., Plaintiff,

v.

The YACHT "FISHIN FOOL", her engines, tackle, etc., in rem, and Orca, Inc., in personam, Defendants.

No. 85–8011–CIV.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Jan. 15, 1986.

Ronald Payne, Fort Lauderdale, Fla., for plaintiff.

Kevin A. Malone, Fort Lauderdale, Fla., for defendants.

## ORDER

ROETTGER, District Judge.

Plaintiff brought this action *in rem* and *in personam* to enforce a maritime lien for necessary labor and materials provided in the amount of $6,716.20. Defendants brought an *in personam* counterclaim, alleging that Plaintiff performed the agreed upon work in an unworkmanlike manner. Defendant claimed $30,000.00 in damages on the counterclaim, composed of "approximately $20,000.00" lost on a subsequent sale of the vessel, "approximately $1,000.00 to $1,500.00 per week" for lost use of the vessel "for several weeks", and "additional funds" expended to repair the vessel properly.

Prior to the vessel's seizure pursuant to the warrant of arrest *in rem* issued by the court, Plaintiff and Defendant Orca, Inc. ("Orca") entered into a stipulation whereby Plaintiff agreed to refrain from arresting the vessel, if Orca posted a $10,000.00 bond. Following Orca's posting of the forebearance bond, Defendants moved to compel the posting of a bond to secure the counterclaim pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Applying the rule in its literal sense, the court granted the motion, requiring Plaintiff to post counter-security in the amount of $30,000.00. Plaintiff then filed its "Notice of Declination to Post Bond", basically urging reconsideration of the court's order, and a show cause hearing was subsequently held on the matter.

### RULE E(7)

■ Although the language of Rule E(7) appears mandatory, the propriety of requiring security on a counterclaim and the appropriate amount of any such security are within the discretion of. the district court. *First Maryland Leasecorp. v. M/V Golden Egret,* 764 F.2d 749, 758 n. 4 (11th Cir. 1985); *Whitney-Fidalgo Seafoods v. Miss Tammy,* 542 F.Supp. 1302, 1305 (W.D. Wash.1982); *Vic Franck's Boat Co. v. Yacht Sunchaser III,* 508 F.Supp. 609, 610 (W.D.Wash.1981). The discretion accorded the district courts under Rule E(7) carried over from old Admiralty Rule 50, the forerunner to Rule E(7). Under the old rule, a district court was allowed to determine whether to require the bond, and if required, to set the bond at an amount just and reasonable under the circumstances. *See Spriggs v. Hoffstot,* 240 F.2d 76 (4th Cir.1957).

■ The district courts' broad discretion derives, in part, from the purpose of Rule E(7), which is to place the parties on equal-footing regarding security, not to inhibit the plaintiff's prosecution of its suit as a maritime lien holder. *See Miss Tammy,* 542 F.Supp. at 1305. *See also, Washington-Southern Navigation Co. v. Balti-* *more & Philadelphia Steamboat Co.,* 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924) (discussing Admiralty Rule 50); *Seaboard & Caribbean Transport Corp. v. Hafen-Dampfschiffahrt A.G. Hapag-Hadac Seebaderdienst,* 329 F.2d 538 (5th Cir.1964) (same). This discretion also derives, in this court's opinion, from admiralty courts being courts of purest equity.

■ The court agrees with Plaintiff's contention that requiring a bond pursuant to Rule E(7) can have a deterrent effect on the enforcement of maritime liens and on the use of the already expensive procedures of maritime arrest and attachment. A district court should move with caution, then, under Rule E(7), and as Professor Moore argues, should be particularly reluctant to compel a party to post counter-security where that party is not attempting to secure the release of any property. 7A J. Moore, Moore's Federal Practice ¶ E.15, at E–738 (2d ed. 1983). The imposition of such a duty may inequitably and unjustifiably burden maritime lien claimants. But that determination must, of course, be made on a case-by-case basis.

■ The court finds, on the facts of this case, that no security is necessary under Rule E(7) to equalize the positions of the parties. The court also finds that compelling Plaintiff to post a bond to secure Defendants' counterclaim would unfairly and unreasonably inhibit Plaintiff's prosecution of its case.

Plaintiff is basically a one-man operation—a local maritime diesel engine mechanic without dock facilities. Unable to exert a possessory lien, Plaintiff must rely on the enforcement of maritime liens through the admiralty jurisdiction of the district courts, as in this case. Plaintiff, furthermore, is not seeking to secure the release of any property. Finally, the court is reluctant to compel Plaintiff to post a bond in light of Defendants' damage claims of a general, rather than a precisely detailed, nature.

ACCORDINGLY, upon consideration of the foregoing, the arguments and memo-

**434**

randa of law submitted by counsel, and the entire record in this case, it is hereby

ORDERED AND ADJUDGED that the court's order dated August 26, 1985, requiring Plaintiff to post a security bond in the amount of $30,000.00 pursuant to Rule E(7) and staying all proceedings until the posting of said bond, is VACATED.