## THE CITY OF AGRA.

## THE CITY OF BOMBAY.

## THE CITY OF CORINTH.

## WATT & SCOTT (MONTREAL), Limited, et al. v. S. S. CITY OF AGRA et al.

District Court, S. D. New York.

Aug. 1, 1940.

---

Hill, Rivkins & Middleton, of New York City (by Eugene P. McCue, of New York City), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (by Michael F. Whalen, of New York City), for claimants and respondents.

BONDY, District Judge.

All the parties to this suit are foreigners. The libellants are Canadian companies, with offices in Canada. The respondents are British corporations and the vessels in which the cargoes were shipped are also British. The goods were carried from Bombay, India, to their port of destination, Saint John, New Brunswick, Canada, where they were discharged. The reconditioning and the disposal of the cargoes are taking place in Canada.

If England were the only forum, other than the United States, for the trial of this suit, the conditions existing there would receive the serious consideration of the court before jurisdiction would be declined. See Dreyfus v. O/Y Wipu, 113 F.2d 646, decided July 18, 1940 by the Circuit Court of Appeals, Second Circuit. Although Canada is at war, it is not now the scene of active conflict and there is nothing to indicate that any hardship would be imposed upon the libellants by remitting them to suit in Canada.

Libellants have already taken the testimony of the chief and second officers of two of the three vessels which carried the goods and they urge the possibility that on account of war, these persons may not be available hereafter as witnesses. The libellants, however, have not submitted any of the testimony taken and their affidavits do not indicate in what respects such testimony is material or beneficial to them.

Since the libellants' chief surveyor has gone from New York to Canada to examine the cargoes and is now engaged in directing their reconditioning and disposal, there would seem to be little objection to requiring him to testify in Canada, on the ground of inconvenience to him. On the other hand, the testimony of the persons who unloaded the cargoes at Saint John would seem to be material, and the convenience of such persons would be better served by a trial in Canada.

Libellants' principal concern apparently is that the fortunes of war may prevent the return of the vessels to Canada.

The libellants' objections to granting the relief sought by the respondents, however, can easily be obviated by granting the motion upon condition that the respondents stipulate that they will appear and file appropriate security for the satisfaction of any judgment, in any suit which may be instituted by the libellants in Canada, and that they will waive objection to the use in such suit of the testimony taken by libellants in the present action, if the testimony of such witnesses should not be available. See Canada Malting Co. v. Paterson Co., 285 U.S. 413, 424, 52 S.Ct. 413, 76 L. Ed. 837. Otherwise the motion will be denied.

Settle order on notice.