**INDUSTRIAL Y FRUTERA COLOMBIANA, S. A., v. THE BRISK et al.**

No. 13672.

United States Court of Appeals Fifth Circuit.

April 15, 1952.

Harry F. Stiles, Jr., New Orleans, La., Walter F. Rogers, Jacksonville, Fla., George B. Warburton, New York City, for appellant.

Reuben Ragland, Louis Kurz, Jacksonville, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellant libeled the motor vessel "Brisk" in the court below to recover the value of a cargo of bananas, the property of libellant, lost by spoilage due to the leaky condition of said vessel while being transported from the Republic of Columbia to New York City.

The trial court declined jurisdiction and dismissed the libel because all parties to the controversy are foreign nationals, libellant being a Columbian corporation, the claimant a Danish partnership. This appeal is from that order.

When libeled, the vessel was in the territorial jurisdiction of the trial court, having put in the harbor of Jacksonville, Florida, because of her leaky condition while proceeding from the Republic of Columbia to New York City.

The bananas were being transported by the vessel pursuant to a "Time Charter" executed by the parties in the City of New York, which provided, *inter alia*, that payments for hire of the vessel should be made in New York in United States currency; that all shipments should be made subject to the United States Carriage of Goods by Sea Act; that bills of lading covering cargoes shipped would be subject to the maritime laws of the United States and (Section 17) "that should any dispute arise between the owners and the charterers, the matter in dispute shall be referred to three persons at New York * * *; that their decision, or that of any two of them, shall be final, and for the purpose of enforcing any award this agreement may be made a rule of the court."

It is quite true, generally speaking, that the retention of jurisdiction of a suit in admiralty wholly between foreign nationals is discretionary with the district court, and that the exercise of its discretion will not ordinarily be disturbed.[1] The district judge acted upon this rule in dismissing the libel.

Here, however, the facts are not only quite dissimilar to those involved in the cases just cited, but we also have a charter party which contains the above quoted provision as to arbitration of disputes. This being a case of typical admiralty jurisdiction, the arbitration provision of the charter falls squarely within the United States Arbitration Act, 9 U.S.C.A. § 1 et seq. That Act provides that such an arbitration agreement shall be valid, enforceable, and cognizable in admiralty. Section 3 of the Act provides that when a suit is brought in any of the courts of the United States involving an issue which is referable to arbitration under such an agreement, the

1. Charter Shipping Co. v. Bowring, Jones & Tidy, Ltd., 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; United States M. & S. Ins. Co. v. A/S Den Norske Line, 2 Cir., 65 F.2d 392; The City of Agra, D.C., 35 F.Supp. 351.

court "shall" on application of one of the parties stay the trial of the action until such arbitration has been made in accordance with the terms of the agreement. Section 4 permits a party aggrieved by the alleged failure of his opponent to arbitrate as agreed, to petition any federal court of appropriate jurisdiction, including courts of admiralty, for an order directing that arbitration proceed. Libellant abandoned its original prayers for conventional admiralty relief, and sought, but was denied, enforcement of the arbitration agreement. Section 8 of the Act provides that if the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, the party claiming to be aggrieved may begin his proceeding by libel and seizure of the vessel, as was done here, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and "shall" retain jurisdiction to enter its decree upon the award.

The statute clearly vests in the district court the authority to specifically enforce the contract of the parties to arbitrate and provides that said court "shall" retain jurisdiction to enter its decree upon the award. By the enactment of that statute, Congress overturned the theretofore existing rule that performance of such agreements could not be compelled by resorting to courts of equity and admiralty. Barge The "Anaconda" v. American Sugar Refining Co., 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117.[2]

█ It is unnecessary to now determine whether or not in every case involving an arbitration agreement, the Act abrogates the traditional discretion of the district court to decline jurisdiction of admiralty suits wholly between foreign nationals. It is clear, however, that in the circumstances here presented, and in view of the above recited provisions of the charter, the district court should have enforced the arbitration agreement in accordance with the statute, retaining jurisdiction for that purpose. The statute contemplates that although the parties agreed to arbitrate, the traditional admiralty procedure, with its concomitant security, should be available to the aggrieved party, without in any way lessening his obligation to arbitrate his grievance rather than litigate the merits in court.

Reversed and remanded.