GULOTTA, Judge.
In this claim on an open account commenced by a petition for attachment of a non-resident defendant’s movable property, in Louisiana, plaintiff appeals from a judgment dismissing the attachment and allowing the matter to proceed as if no writ had been issued. Because we conclude that the attachment violated due process through lack of “minimum contacts” of the defendant in Louisiana, we affirm the judgment.
Plaintiff, Dosfer Intercontinental Commercial and Investment, Inc. (Dosfer), is a Florida corporation engaged in selling wooden tool handles to importers. Dosfer filed suit on open account for goods sold to Amerwood International, a division of Hansen and Pringle Company (Amerwood), a Texas corporation engaged in importing and reselling handles. Dosfer commenced its suit by obtaining a writ of attachment on a shipment in transit in the Port of New Orleans of approximately 1,400 pine handles belonging to Amerwood, who had purchased them from a third party in Honduras.
Amerwood filed an exception to the jurisdiction, sought to vacate the attachment and reconvened for damages and attorney’s fees. In the same pleading, defendant claimed entitlement to damages for damaged merchandise shipped by plaintiff. Amerwood’s rule to vacate the attachment was granted by the trial court.[1]
In well considered and well written “Reasons for Judgment” for vacating the attachment, the trial judge stated in pertinent part:
“In determining whether or not this writ was issued properly the court must consider whether jurisdiction was proper on the date of issuance. International Shoe v. Washington, 326 U.S. 310 [66 *636 S.Ct. 154, 90 L.Ed. 95] (1945) and its progeny, particularly Shaffer v. Heitner, 433 U.S. 186 [97 S.Ct. 2569, 53 L.Ed.2d 683] (1977) articulated the standard for any assertion of jurisdiction over a nonresident. Shaffer held that all assertions of state court jurisdiction must be evaluated according to the standards established in International Shoe and related jurisprudence.
The essence of that standard is that due process permits the exercise of jurisdiction over a non-resident defendant only if the non-resident has such “minimum contacts” with the forum state “that maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice’.” 326 U.S. at 316 [66 S.Ct. at 158].
“This standard has been clarified by subsequent decisions to require a determination of whether the defendant “purposely availed itself of the privilege of conducting activities in the forum state (Hanson v. Denckla 357 U.S. 235 [78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958]) and whether it would be reasonable to require the defendant to defend the suit in the forum (World-Wide Volkswagen Corp. v. Woodson, [444 U.S. 286,] 100 S.Ct. 559 [62 L.Ed.2d 490] (1980).
“The court finds that the property under attachment is completely unrelated to the respondent’s cause of action, that its presence in Louisiana is completely fortuitous, and that the property was only transitorily present in Louisiana. These contacts are not sufficient to satisfy the minimum contacts standard articulated by the Supreme Court. Nor does Louisiana long-arm statute L.R.S. 13:3201, provide a sufficient jurisdictional basis....
“Simply put, this cause of action does not arise from any act of the non-resident in this state.”
The record supports this reasoning.
The affidavit of L. Wayne Pringle, the secretary-treasurer of Hansen-Pringle Company, states that defendant Amerwood is a Texas corporation that has purchased wooden handles and dowels for hand tools through Dosfer. According to Pringle, Amerwood has always dealt with Dosfer by phone or by mail at Dosfer’s offices in Miami, Florida, and has never dealt in Louisiana or purchased any Louisiana products. The affidavit further avers that Amerwood has no Louisiana offices, employees or customers and that its only contact with Louisiana has been the shipment of cargo through the port of New Orleans and prompt shipment by rail or truck to Amer-wood’s customers in other states.
Pringle further observed that when its Central American sellers notify Amerwood that cargo will be shipped via New Orleans, Amerwood contacts a local freight agent who arranges to clear the shipment through customs, but Amerwood does not employ such agent on a retainer or use the port of New Orleans exclusively. The affidavit further states that the shipment of pine dowels under attachment was purchased from a Honduran company in a transaction made directly between Amer-wood in Texas and the seller in Honduras and that the only Louisiana contact was the discharge of the cargo from a vessel in New Orleans for shipment by rail to Ohio.
Although LSA-C.C.P. art. 9 provides that a Louisiana court has jurisdiction to render a judgment against a non-resident if the action is commenced by an attachment of the defendant’s property in this state, the exercise of jurisdiction must satisfy the demands of due process as enunciated by the landmark United States Supreme Court decisions cited by the trial judge in his written reasons. Applying the standards set forth in International Shoe, supra, and the later cases cited by the trial judge, we conclude that defendant Amer-wood does not have sufficient “contacts, ties, or relations” with Louisiana to permit Louisiana jurisdiction by attachment of defendant’s property in this state.
The undisputed affidavit of Hansen-Pringle’s officer establishes that the sole tie of Amerwood to Louisiana is the unloading of some shipments of cargo from Central America in the Port of New Orleans *637 and the prompt transport of those shipments through Louisiana to customers in other states. It would be a distortion of the International Shoe doctrine and a violation of due process to require Amerwood to defend an action in Louisiana solely on the basis that the attached goods are present here while passing through this state en route to its customers elsewhere. We are not confronted here with a situation where Amerwood delivers handles to Louisiana customers or otherwise has “purposefully availed itself the privilege of conducting activities” within Louisiana. The mere routing or transit of the goods through this state, without more, does not constitute sufficient contact with Louisiana to permit this state’s jurisdiction by foreign attachment consistent with due process.
Accordingly, the judgment is affirmed.
AFFIRMED.

. Jurisdiction over Amerwood on the underlying claim in open account is not in issue since Amerwood, by answering and filing a reconven-tional demand, has made a personal appearance and submitted to the jurisdiction of the court. The sole issue in this appeal, therefore, is whether the trial court erred in dismissing the attachment of the shipment of pine handles and allowing the matter to proceed “as if no writ had been issued_”