United States Court of Appeals,

Fifth Circuit.

No. 91–3544.

GREAT PRIZE, S.A., Plaintiff–Appellant,

v.

MARINER SHIPPING PTY., LIMITED, Defendant,

Intercontinental Shipping Pty., Limited, Movant–Appellee.

July 30, 1992.

Appeal from the United States District Court For the Eastern District of Louisiana.

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Great Prize, S.A. appeals the dismissal of its admiralty and maritime complaint against Mariner Shipping Party, Limited. Concluding that the district court did not abuse its discretion in dismissing the case on *forum non conveniens* grounds, we affirm.

Background

In August 1990 Great Prize, a Panamanian corporation, filed the instant litigation in an effort to obtain security for funds allegedly owed it by Mariner, an Australian corporation. Great Prize obtained a writ of attachment and garnishment for fuel bunkers on board the M/V GOLDEN HOPE, a vessel anchored within the Eastern District of Louisiana at the lower mouth of the Mississippi river.[1] The fuel bunkers were seized. Intermare Transport, Gmbh, the voyage charterer of the M/V GOLDEN HOPE, although not a party to this action, posted a $91,000 cash bond to secure the release of the fuel bunkers so that the vessel could continue its journey. Mariner is currently in receivership in Australia and has made no appearance herein. Intercontinental Shipping Party, Limited (ICS), an Australian corporation which has a 50% ownership stake in Mariner, made a

---

[1] 28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1).

restricted appearance[2] for the purpose of dissolving the writ of attachment.[3]  ICS alleges that it, and not Mariner, is the true owner of the bunkers.

Without resolving the ownership dispute, the district court conditionally granted ICS's motion to dismiss on *forum non conveniens* grounds requiring the formal agreement of ICS and Mariner to: (1) submit to the jurisdiction of Australian courts, (2) waive any applicable statute of limitations defenses, and (3) satisfy any final judgment rendered by any competent court, 764 F.Supp. 69.  The district court retained jurisdiction to act if ICS and Mariner breached these terms and to release the cash bond.  Great Prize timely appeals, arguing that the district court must first determine that Mariner owns the bunkers before the court has jurisdiction over any other issue in the case.  Unless Mariner has an ownership right, Great Prize posits, the writ, and the court's concomitant jurisdiction, disappear.

Analysis

The disposition of the case at bar turns on the distinction between non-waivable, *sua sponte* noticeable, lack of subject matter jurisdiction and the waivable[4] defense of lack of *in personam* jurisdiction over the defendant.[5]

An *in personam* admiralty or maritime claim is instituted by a complaint which may contain a prayer for process to attach the defendant's property found within the district.[6]  Whenever property

---

[2]28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(8).

[3]28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4)(f).

[4]Fed.R.Civ.P. 12(b)(1) and 12(h)(2) (mandatory dismissal for lack of subject matter jurisdiction when noticed *sua sponte* or by suggestion).

[5]Fed.R.Civ.P. 12(b)(2) and 12(h)(1) (defense of lack of personal jurisdiction may be waived).

[6]28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1).  There can be no serious question as to whether a federal district court has *subject* matter jurisdiction over admiralty or maritime claims.

is attached any person claiming an interest therein is entitled to a prompt hearing at which the plaintiff is required to furnish evidence supporting the attachment or other appropriate relief.[7] It is sometimes inaccurately stated that the writ of attachment gives the district court *quasi-in-rem* jurisdiction over the defendant.[8] A more precise understanding is that a good-faith allegation in the complaint that the *res* is present within the geographical jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res.*[9] Attachment keeps the *res* within the jurisdiction and provides the basis for enforcement of a subsequently entered judgment.

A Rule E(4)(f) dispute with a third person over an ownership interest in the *res* does not affect the presumptive, waivable *in personam* jurisdiction over the defendant resulting from a Rule B complaint and attachment. To hold otherwise would be to conclude that Rule E(4)(f) implicitly amended Fed.R.Civ.P. 12(h), a conclusion which we reject. We now hold that absent an appearance by Mariner challenging personal jurisdiction, the district court has plenary jurisdiction over Great Prize, the plaintiff, and Mariner, the defendant herein, and has authority to dispose of the case in any manner allowed by controlling law.

We reject Great Prize's argument that the district court was compelled to order arbitration in accordance with clauses in the time charter agreements. In *Industrial Y Frutera Colombiana, S.A. v. The Brisk,*[10] we found it unnecessary to determine whether section 8 of the Arbitration Act[11] abrogates the district court's traditional discretion to decline jurisdiction of admiralty suits between foreign nationals. We now hold that in a case involving all foreign nationals and in which the only contact with the United States is the presence of the *res,* the presence of an arbitration clause does

[7]28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4)(f).

[8]7A Moore's Federal Practice ¶¶ E.05 & E.16[1] (1998 ed.)

[9]Id.

[10]195 F.2d 1015 (5th Cir.1952).

[11]United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

not negate the court's power to transfer on *forum non conveniens* grounds.[12]

We review the district court's *forum non conveniens* determination for abuse of discretion.[13] To determine the propriety of a *forum non conveniens* dismissal the court must first assure that there is an adequate alternative forum. Thereafter it must balance the private and public interest factors.[14] Convenience is the cornerstone of the inquiry.[15] The strong presumption in favor of the plaintiff's forum choice applies with less force when the plaintiff is a foreign national.[16]

The adequacy of Australia as an alternative forum is undisputed. In addition, we concur with the district court's assessment that the public interest factors weigh in favor of the transfer. The United States has little interest in local resolution of this dispute. This country's only nexus with the litigation is the fortuity of a vessel's temporary location within its boundaries.[17] By contrast, because the events leading to the ownership dispute occurred primarily in Australia, that sovereign state has an interest in having the controversy resolved there.[18] Australia's interest is magnified by the fact that Mariner is in Australian receivership proceedings. In addition, the ownership issue requires interpretation of time charters ostensibly governed by English law, obliging the district court to "

---

[12]*Accord Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

> We note in passing that less than a month after the dismissal by the district court, an "Interim Final Arbitration Award" was made in England in an arbitration between Great Prize and Mariner.

[13]*Command–Aire Corp. v. Ontario Mechanical Sales and Service Inc.,* 963 F.2d 90 (5th Cir.1992); *Hotvedt v. Schlumberger Ltd.,* 942 F.2d 294 (5th Cir.1991).

[14]*Gulf Oil Corp. v. Gilbert, supra* note 12.

[15]*Command–Aire Corp.; Empresa Lineas Maritimas Argentinas, S.A. v. Schichau–Unterwester, A.G.,* 955 F.2d 368 (5th Cir.1992).

[16]*Perez & Compania (Cataluna), S.A. v. M/V MEXICO,* 826 F.2d 1449 (5th Cir.1987).

[17]*See e.g., Perez,* 826 F.2d at 1452 (Finding public interest factors weigh in favor of transfer where "The sole connection of the controversy with the United States is that the vessel, on an unspecified number of occasions, has carried goods to and from [an American Port.]").

[18]*Perez,* 826 F.2d at 1452.

"untangle problems ... in law foreign to itself.' "[19]

Private interests appropriate for evaluation include: ease of access to sources of proof, the availability of compulsory process, the cost of obtaining attendance of willing witnesses, the enforceability of a potential judgment, and practical considerations regarding the administration of trial.[20] These interests speak forcefully for foreign resolution of this case. Not only are all of the parties foreign, none of the witnesses with personal knowledge of the disputed time charter arrangements are United States citizens. Similarly, no evidence germane to this dispute emanates from the United States. We agree with the district court that both the public and private factors heavily weigh in favor of a *forum non conveniens* dismissal.

Under Rule E(4)(f) the dissolution of the writ of attachment is not the exclusive and mandatory remedy. To the contrary, the Rule itself provides that in the alternative the court may grant "*other relief* ... consistent with these rules."[21] Because a conditional *forum non conveniens* dismissal is a lawful remedy and because the district court had both unchallenged subject matter and *in personam* jurisdiction, the order of conditional *forum non conveniens* dismissal was within the power of the court.

We find neither error nor abuse of discretion and the judgment of the district court is AFFIRMED.

---

[19]*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 251, 102 S.Ct. 252, 263, 70 L.Ed.2d 419 (1981) (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843)); *see also Perez,* 826 F.2d at 1452 (quoting same)).

[20]*Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. at 843; *Perez,* 826 F.2d at 1452–53; *see also Perez.*

[21]28 U.S.C., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4)(f).