liPLOTKIN, Judge.
In this writ application, the defendant-relator seeks reversal of the denial of his exception of lack of personal jurisdiction and dissolution of a writ of non-resident attachment.
This litigation commenced when the plaintiff, the defendant’s daughter, filed a petition for a writ of non-resident attachment. The plaintiff averred that the defendant was indebted to her in the sum of $25,000 because of personal loans which had not been repaid. Both the plaintiff and defendant are domicili-aries and residents of Florida. The plaintiff sought attachment of money owed to the defendant by the Dave Streiffer Company, Inc., a Louisiana corporation with its principal place of business in Orleans Parish. Garnishment interrogatories directed to Dave Streiffer Co., Inc. resulted in a consent judgment between the garnishee and the plaintiff wherein the garnishee deposited $18,000, the sum owed to the defendant, into the registry of the Court. A subsequent hearing on the relator’s exception and motion to dissolve attachment was held; the trial court issued judgment denying both on February 9, 1995. The only written ^reasons given by the trial court were that the cases cited by the defendant were distinguishable and that the money seized “originated from a business in New Orleans that owed the money to the defendant who previously had employment with the garnishee.”
The basis for the nonresident attachment is La.C.C.P. art. 3541 which provides that a writ of attachment may be obtained when the defendant is a nonresident who has no appointed agent for service of process. The plaintiff claims and the trial court apparently found that the presence of property belonging to the non-resident defendant in the state gives a court personal jurisdiction over the defendant. However, constitutional requirements of due process also mandate that the defendant have “minimum contacts” with the forum in a quasi in rem proceeding to the same extent as is required for assertion of personal jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). This Court recently discussed the concepts of personal jurisdiction and minimum contacts in Cohen v. Cohen, 94-0381 (La.App. 4th Cir. 4/14/94) 635 So.2d 1293, 1296:
The minimum contacts between the nonresident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state’s laws. Burger King Corp. [v. Rudzewicz], supra [471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)]. This requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person, de Reyes [v. Marine Management and Consulting Ltd.], supra [586 So.2d 103 (La.1991) ]. If the defendant deliberately engages in significant activities within a state or creates continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there; and, because his activities are shielded by the benefits and protections of the forum’s laws, it is presumptively not unreasonable to require the defendant to submit to the burdens of ^litigation in that forum. Id. Once minimum contacts are shown, the burden is then on the defendant to present a compelling case that other considerations render jurisdiction unreasonable. Burger King Corp., supra.
*45 Minimum requirements inherent in the concept of fair play and substantial justice may defeat the inference of reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities reflected by sufficient minimum contacts. Asahi Metal Ind. v. Super Ct. of Cal. Solano Cty., 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The relationship between the nonresident and the state must be such that it would be reasonable to require the nonresident to defend the suit in that state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The burden on the nonresident defendant is a primary concern; but in appropriate cases, it will be considered in light of other relevant factors such as the state’s interest in adjudicating the dispute; the plaintiffs interest in obtaining convenient and effective relief when that interest is not adequately protected by his power to choose the forum; the interstate judicial system’s interest in obtaining the most efficient resolution of controversies; and the shared interest of the states in furthering fundamental substantive social policies. Worldr-Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); de Reyes v. Marine Consulting, 586 So.2d 103 (La.1991). These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. Burger King Corp., 471 U.S. at 462, 105 S.Ct. at 2174.
In summing up the requisites for showing whether jurisdiction exists, the Supreme Court in de Reyes, 586 So.2d at 107, stated as follows:
Thus, the dynamics of the two-part analysis resembles placing two different articles in the pans or trays of a set of scales to determine which is heavier. The minimum contacts and the evidence of substantial unfairness or injustice each have [sic] independent | constitutional weight. The weight of the contacts depends on the nature and intensity of the defendant’s ties, contacts or relationships with the forum. The weight of the evidence of unfairness is mainly comprised of the gravity of the inconvenience or burden the defendant would sustain by defending the suit in the forum minus the weight of the interests of the plaintiff and the state in having the suit litigated in the forum. If the weight of the evidence of unfairness is heavier than the weight of the minimum contacts, jurisdiction is defeated; but if the minimum contacts weigh more, jurisdiction is maintained. (Emphasis in original).
In the instant case, the defendant had been a domiciliary of Louisiana for many years, but was no longer a resident or domiciliary of Louisiana at the time suit was instituted. In July 1993, the defendant entered into a consent judgment of partition of the community of acquets and gains formerly existing between himself and his wife, Cynthia Lurker Higley. As a part of this partition, the defendant signed a noncompetition clause with Dave Streiffer Company, Inc. wherein he agreed not to compete in the greater New Orleans area for a period of 25 months. In consideration of his covenant, the defendant was paid a cash amount and the company obligated itself to pay another $150,000 at the rate of $6,000 per month to be secured by a pledge of stock in the company owned by the former Mrs. Higley.
The plaintiffs suit was filed in June 1994, less than one year after the defendant had entered into the contract with his former employer, Dave Streiffer Co., Inc.[1] The defendant clearly expected to be able to enforce the contract in Louisiana in the event of default, thereby availing himself of the privilege of conducting activities within the state and invoking the benefits and ^protections of the state’s laws. Therefore, the defendant did have the required minimum contacts with Louisiana at the time the quasi in rem action commenced. However, the inquiry does not end there. The second question for determining whether to grant an exception to personal jurisdiction involves a balancing of *46 whether the minimum contacts are outweighed by the evidence of substantial unfairness or injustice to the defendant in defending the action in this forum. Whether the trial court engaged in the necessary balancing test is unclear from the record. However, our review of the record indicates that the minimum contacts do not outweigh the evidence of substantial unfairness or injustice to the defendant in requiring him to defend the action in Louisiana.
The defendant argues that the substantial unfairness or injustice to him is great because, making the following points: (1) both he and the plaintiff are domiciliarles of Florida residing in Destín, (2) any loans and repayments have occurred in Florida, (3) all witnesses live in Florida, (4) Florida substantive law would apply, (5) he owns immovable property in Florida, and (6) defending this suit in Louisiana will create unnecessary trouble and expense for him. He further avers that he has not tried to avoid the jurisdiction of the Florida courts.
Louisiana has no particular interest in this litigation which is simply a suit for repayment of a loan involving two out-of-state residents. The property attached has no relation to the cause of action asserted by the plaintiff. The plaintiff has not made any allegations that she is unable to bring suit against the defendant in Florida.
The balancing test as explained in de Reyes, favors granting the exception of lack of personal jurisdiction. The state has no interest in this litigation. The plaintiffs only apparent interest is that the defendant had an 16asset in this State; that asset is not even sufficient to pay the alleged debt in full.[2] While the defendant clearly had contacts with Louisiana, those contacts were minimal at the time this litigation was instituted. Therefore, the trial court judgment is reversed and the writ of attachment is ordered dissolved.

. The plaintiff in her opposition presents documents from another lawsuit involving the defendant, his ex-wife, and the company. This litigation was terminated by a consent judgment in 1992. The plaintiff also alleges that the loans to her father were for the purpose of prosecuting that lawsuit, however, she has not provided any substantiation of this contention.

. The plaintiff alleges she is still owed $25,000; the amount deposited in the court is $18,000.