RAJESH RAMCHANDRA CHAUHAN

VERSUS

SOUTHERN PACIFIC HOLDING CORP.
AND KUMIAI SENPAKU CO LTD

NO. 22-C-432

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 89,972, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

November 02, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg

**WRIT DENIED**
   **JGG**
   **FHW**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
RAJESH RAMCHANDRA CHAUHAN
Richard J. Dodson
Kenneth H. Hooks, III
Henry P. Mounger
Michael A. Colomb

COUNSEL FOR DEFENDANT/RELATOR,
SOUTHERN PACIFIC HOLDING CORPORATION
Robert H. Murphy
Peter B. Sloss
Samuel L. Sands
Tarryn E. Walsh

**GRAVOIS, J.**

Relator/defendant, Southern Pacific Holding Corporation, seeks this Court's supervisory review of the trial court's August 5, 2022 judgment which denied its "Declinatory Exceptions of Lack of Personal Jurisdiction, Improper Venue, Insufficiency of Citation, and Improper Service of Process." The issue before this Court is whether the Louisiana state court in question has personal jurisdiction over Southern Pacific. For the reasons that follow, we deny the writ application.

## FACTS AND PROCEDURAL HISTORY

Respondent/plaintiff, Rajesh Ramchandra Chauhan, filed a petition for damages against Southern Pacific and Kumiai Senpaku Co. Ltd., arising out of injuries he allegedly sustained as a seaman while working aboard the M/V WHITE HORSE.[1] The M/V WHITE HORSE is owned by Southern Pacific, a foreign corporation organized under the laws of Panama with its principal place of business in Tokyo, Japan. Plaintiff is a citizen and resident of India. On November 17, 2021, while plaintiff was on the M/V WHITE HORSE in the Atlantic Ocean on a voyage from Tarragona, Spain to Baltimore, Maryland, he allegedly sustained an injury to his right thumb. In January 2022, while the M/V WHITE HORSE was called at port at St. Rose, Louisiana, in St. Charles Parish, the St. Charles Parish Sheriff's Office attached the M/V WHITE HORSE pursuant to La. C.C.P. arts. 9 and 3541(5).

Southern Pacific filed "Declinatory Exceptions of Lack of Personal Jurisdiction, Improper Venue, Insufficiency of Citation, and Improper Service of Process." Regarding the exception of lack of personal jurisdiction, Southern Pacific argued that pursuant to the United States Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), for the

---

[1] A copy of the petition for damages was not included with the writ application.

trial court to exercise *quasi in rem* jurisdiction through the attachment of property, Southern Pacific must have sufficient minimum contacts with the forum state to satisfy *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. Southern Pacific asserted that it does not have the requisite minimum contacts with Louisiana to allow Louisiana state courts to exercise jurisdiction over it.[2]

Following a hearing, the trial court signed a judgment on August 5, 2022 denying the exceptions. In written reasons for judgment, the trial court found that in maritime and admiralty actions, the presence of the vessel (the *res*) is the only jurisdictional fact necessary to support *in personam* jurisdiction over a foreign defendant. Further, the trial court found that even if the "minimum contacts" test applies in the realm of jurisdiction by attachment, Southern Pacific's "action of utilizing Louisiana territorial waters satisfies any substantive due process concerns for *in personam* jurisdiction."

## LAW AND ANALYSIS

In reviewing a ruling on an exception of lack of personal jurisdiction over a nonresident defendant by a Louisiana court, this Court conducts a *de novo* review of the legal issue of personal jurisdiction. *See Sanders v. Sanders*, 00-2899 (La. App. 1 Cir. 2/15/02), 812 So.2d 749, 752, *writ denied*, 02-1145 (La. 6/14/02), 818 So.2d 780.

Louisiana Code of Civil Procedure article 9 contemplates the assertion of *quasi in rem* jurisdiction over a nonresident defendant if property is located in this state. *See Giroir v. Giroir*, 536 So.2d 830, 833 (La. App. 1st Cir. 1988). La. C.C.P. art. 9 provides:

> A court which is otherwise competent under the laws of this state has jurisdiction to render a money judgment against a nonresident if the

---

[2] Concerning the other exceptions, Southern Pacific argued that the writ of attachment served as the basis for venue, citation, and service of process, and since the writ of attachment was invalid, those too were invalid.

action is commenced by an attachment of his property in this state. Unless the nonresident subjects himself personally to the jurisdiction of the court, the judgment may be executed only against the property attached.

Louisiana Code of Civil Procedure article 3541(5) provides that a writ of attachment may be obtained when the defendant "[i]s a nonresident who has no duly appointed agent for service of process within the state."

In this writ application, Southern Pacific, relying on *Shaffer*, *supra*, argues that the exercise of *quasi in rem* jurisdiction is not applicable in the present case since Southern Pacific lacks sufficient minimum contacts with Louisiana to justify personal jurisdiction.

*Shaffer* involved a shareholder's derivative action in a Delaware state court. The plaintiff filed suit against 30 defendants, including a Delaware corporation with its principal place of business in Arizona, its wholly owned subsidiary, incorporated in California with its principal place of business in Arizona, and 28 present and former officers or directors of the corporations, none of whom were Delaware residents. The activities that led to the action occurred in Oregon. *Quasi in rem* jurisdiction was established by a Delaware sequestration statute that allowed for the seizure of corporate shares and stock options of 21 of the defendants. *Id*. at 189-91, 97 S.Ct. at 2572-73. The defendants moved to vacate the sequestration order, arguing that it violated due process since under *International Shoe*,[3] they lacked sufficient minimum contacts with Delaware to sustain the jurisdiction of the state's court. *Id*. at 193, 97 S.Ct. at 2573-74. The Supreme Court agreed and found that the presence of property in the forum state alone does not support the state's jurisdiction, noting that the relationship between the defendant, the forum, and the litigation was the "central concern of the inquiry

---

[3] *International Shoe* held that due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. 326 U.S. at 320, 66 S.Ct. at 160.

into personal jurisdiction." *Id*. at 204, 97 S.Ct. at 2580. The Supreme Court concluded that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Id*. at 212, 97 S.Ct. at 2584.

Louisiana courts have followed *Shaffer* and have held that to exercise *quasi in rem* jurisdiction through nonresident attachment under La. C.C.P. art. 9, the nonresident defendant must have sufficient "minimum contacts" with the state. In *Dosfer Intercontinental Commercial & Inv., Inc. v. Amerwood Int'l, a Div. of Hansen-Pringle Co.*, 468 So.2d 634 (La. App. 4th Cir. 1985), the plaintiff, a Florida corporation, sold wooden tool handles to the defendant, a Texas corporation. The plaintiff filed suit on an open account for goods sold to the defendant, and obtained a writ of attachment on a shipment of wooden handles purchased by the defendant from a third party in Honduras that was in transit in the Port of New Orleans. *Id*. at 635. The Fourth Circuit Court of Appeal found that the exercise of *quasi in rem* jurisdiction under La. C.C.P. art. 9 must satisfy the demands of due process. The court applied the standards set forth in *International Shoe* to find that the defendant did not have sufficient "contacts, ties, or relations" with Louisiana to permit Louisiana jurisdiction by attachment of the defendant's property. *Id*. at 636.

Likewise, in *Higley v. Higley*, 95-0965 (La. App. 4 Cir. 6/29/95), 658 So.2d 42, *writ denied*, 95-2266 (La. 11/27/95), 663 So.2d 732, the plaintiff claimed that the defendant owed her $25,000 for repayment of personal loans. Both the plaintiff and the defendant were residents of Florida. The plaintiff sought a writ of attachment of money owed to the defendant by a Louisiana corporation with its principal place of business in New Orleans. *Id*. at 44. Finding *Shaffer* applicable, the Fourth Circuit Court of Appeal found that though the defendant had contacts with Louisiana, the contacts did not outweigh the evidence of unfairness to the

defendant to require him to defend the suit in Louisiana. The court stated that Louisiana had no interest in a suit for repayment of a loan involving two out-of-state residents, and the property attached had no relation to the cause of action asserted by the plaintiff. The court ordered that the writ of attachment be dissolved. *Id*. at 46.

Nevertheless, neither *Shaffer* nor the above-referenced Louisiana cases involved a maritime or admiralty claim and the attachment of a vessel.[4]

Following *Shaffer*, federal courts have considered *Shaffer's* application to Supplement Rule B for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule B establishes *quasi in rem* jurisdiction by attachment of property if the defendant is not found within the district.[5] Federal courts have upheld the constitutionality of Rule B and have found that the rule of *Shaffer* did not apply to maritime *quasi in rem* jurisdiction. *See Winter Storm Shipping*, *Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002); *Grand Bahama Petroleum Co.*, *Ltd. v. Canadian Transp. Agencies*, *Ltd.*, 450 F. Supp. 447 (W.D. Wash. 1978); *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627 (9th Cir. 1982); and *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648 (2d Cir. 1979). In *Great Prize, S.A. v. Mariner Shipping Party, Ltd.*, 967 F.2d 157, 159 (5th Cir. 1992), the U.S. Fifth Circuit Court of Appeals stated, regarding *quasi in rem* jurisdiction, that "a good-faith allegation in the complaint that the *res* is

---

[4] In opposition to this writ application, plaintiff references a recent case in which he alleges that Southern Pacific argued "an almost identical exception to personal jurisdiction over another owner whose vessel was attached in the Mississippi River." According to plaintiff, the Plaquemines Parish trial court found no merit to the argument, and the Fourth Circuit Court of Appeal and the Louisiana Supreme Court both denied writs. *See Int'l Transp. Workers Fed'n v. Forever Pescadores S.A. Panama*, 20-00516 (La. 7/2/20), 297 So.3d 770.

[5] Rule B states, in part:

(1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an in personam action:

    (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

present within the geographical jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res.*"[6]

Though not binding, and recognizing that these federal cases dealt with Rule B, we nevertheless find them persuasive. Also, the Louisiana Supreme Court in *dicta* in *Lejano v. Bandak*, 97-0388 (La. 12/12/97), 705 So.2d 158, 164, discussed the importance of *quasi in rem* jurisdiction in maritime actions, stating:

> Admiralty, however, still has a legitimate need for limited forms of jurisdiction such as *in rem* and *quasi in rem*. The admiralty court's primary concern is maritime commerce, which is conducted on both a national and international scale. Those involved in maritime activities are often thinly financed, on narrow margins, highly mobile, and potentially difficult and expensive to locate. Moreover, even if personal jurisdiction can be asserted, when the defendant is a foreign national the judgment may not be enforceable at the place where the defendant's assets are located. Thus, in cases involving foreign parties, an inability to assert *in rem* and *quasi in rem* jurisdiction may mean the effective loss of the claim. … Permitting the *quasi in rem* action also provides additional assurance to local suppliers and others providing services on credit to transient vessels that they may be able to enforce their claims locally. Such assurances can only operate to the overall benefit of maritime commerce. While it is true that not all of these considerations apply to domestic maritime commerce or our own citizens, the need for such jurisdictional bases when dealing with foreign nationals is not diminished. (Citation omitted.)

Accordingly, upon our *de novo* review, we find that in this maritime action, attachment of the M/V WHITEHORSE established *quasi in rem* jurisdiction over Southern Pacific. Thus, we find that the trial court properly denied Southern Pacific's declinatory exception of lack of personal jurisdiction.

---

[6] The lower federal courts have cited *Great Prize* to find that the presence of property in the jurisdiction is sufficient to establish jurisdiction over a non-resident defendant. *See Bank of W. v. Motor Vessel 2000 FOUNTAIN 27 FEVER*, No. 00-6007, 2001 WL 1795540 (D.N.J. Dec. 6, 2001), where the court adopted the Fifth Circuit's reasoning in *Great Prize* to find that the court may impose *in personam* jurisdiction over the defendant by attachment of his vessel in the jurisdiction; *MARMAC, LLC v. InterMoor, Inc.*, 566 F.Supp.3d 559 (E.D. La. 2021), *appeal dismissed sub nom, Marmac, L.L.C. v. US Wind, Inc.*, 21-30662, 2021 WL 8201393 (5th Cir. Dec. 30, 2021), where the court found that if the requirements for Rule B attachment were met, "minimum contacts and the traditional notions do not matter" since any attached property serves as the basis for personal jurisdiction over the defendant.

*See also*, *Agrocooperative Ltd. v. Sonangol Shipping Angl. (Luanda) Limitada*, No. H-14-1707, 2015 WL 138114 (S.D. Tex. Jan. 8, 2015), where the court found that any attached property served as the basis for personal jurisdiction over the defendant.

## CONCLUSION

For the foregoing reasons, we find no error in the trial court's August 5, 2022 judgment which denied Southern Pacific's Declinatory Exceptions of Lack of Personal Jurisdiction, Improper Venue, Insufficiency of Citation, and Improper Service of Process." This writ application is accordingly denied.

**<u>WRIT DENIED</u>**



SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 2, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-432

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
KENNETH H. HOOKS, III (RESPONDENT)     PETER B. SLOSS (RELATOR)     SAMUEL L. SANDS (RELATOR)
TARRYN E. WALSH (RELATOR)

### MAILED
HENRY P. MOUNGER (RESPONDENT)     ROBERT H. MURPHY (RELATOR)
MICHAEL A. COLOMB (RESPONDENT)     ATTORNEY AT LAW
RICHARD J. DODSON (RESPONDENT)     701 POYDRAS STREET
ATTORNEYS AT LAW     SUITE 400
112 FOUNDERS DRIVE     NEW ORLEANS, LA 70139
BATON ROUGE, LA 70802